## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BOSTON SCIENTIFIC CORPORATION
and RELIEVANT MEDSYSTEMS, INC.

Plaintiffs,

v.

STRYKER CORPORATION

Defendant.

Civil Action No. 2:25–cv–12700–EP–JSA

**[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION**

*Filed Electronically*

**THIS MATTER** having come before the Court on the Motion of Boston Scientific Corporation and Relievant Medsystems, Inc. (collectively, "Plaintiffs") pursuant to Federal Rule of Civil Procedure 65(a) and Local Civil Rule 65.1, for a Preliminary Injunction against Stryker Corporation ("Defendant"), and the Court having considered Plaintiffs' submissions in support, Defendant's submissions in opposition, and the argument of counsel, and for good cause having been shown;

**THE COURT FINDS**:

1.      Plaintiffs have shown a likelihood of success on the merits of their claim that Defendant's activities in connection with OptaBlate BVN will infringe at least one claim of U.S. Patent No. 12,303,166 (the '166 Patent).

2.      Plaintiffs have demonstrated that they will suffer irreparable harm absent preliminary injunctive relief.  This harm includes, but is not limited to, loss of goodwill and reputation; loss of market share, sales, and growth; price erosion; and loss of first-mover

advantage.  These injuries are not readily quantifiable and are not adequately compensable by monetary damages.

3.      The balance of hardships favors Plaintiffs.  The requested injunction preserves the status quo and protects Plaintiffs' valid patent rights, whereas denying the injunction would permit Defendant to enter the market with an infringing product, resulting in immediate and irreparable harm to Plaintiffs.

4.      The public interest favors the protection of valid intellectual property and the continued development and availability of innovative, evidence-based medical technologies.

**ACCORDINGLY, IT IS** on this ___ day of _____, 2025, **ORDERED**:

1.      Plaintiffs' Motion for Preliminary Injunction is **GRANTED**.

2.      Defendant Stryker Corporation, including its affiliates, subsidiaries, officers, agents, employees, attorneys, and all persons acting in active concert or participation with them, or on their behalf, are hereby preliminarily enjoined and prohibited from engaging in any of the following conduct pending final resolution of this action or further order of the Court:

a.  Making, using, offering for sale, selling, or importing OptaBlate BVN;

b.  Promoting, advertising, or marketing OptaBlate BVN, including through websites, brochures, sales materials, or training programs;

c.  Distributing or providing product instructions, demonstrations, or clinical guidance for OptaBlate BVN that direct or encourage use in a manner that would infringe the '166 Patent;

d.  Providing support or assistance—including technical, clinical, or educational— to physicians or other customers in connection with the use or intended use of OptaBlate BVN in a manner that would infringe the '166 Patent;

e. Encouraging or facilitating others to perform radiofrequency ablation of the basivertebral nerve using methods that include inserting an introducer through a pedicle of a vertebra, advancing a bipolar RF probe in a curved path to a target area near the basivertebral nerve junction in the posterior midline section of a vertebral body, and delivering radiofrequency energy to ablate the basivertebral nerve, in a manner substantially as described in claims 16 and 21 of the '166 Patent.

3.    This Preliminary Injunction shall remain in full force and effect until the earlier of: (a) a final judgment in this action, (b) the entry of a permanent injunction, or (c) further order of the Court.

**SO ORDERED**.

_____
Honorable Evelyn Padin, U.S.D.J.